THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
    :
    v.    :    3:16-cr-190
    :    (JUDGE MARIANI)
ROBERT BIRCH,    :
    :
    Defendant.    :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Robert Birch's 28 U.S.C. § 2255(a) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 439). Through his Motion, Birch takes issue with his resentencing conducted by this Court. On January 11, 2022, this Court resentenced Robert Birch to 72 months imprisonment for crimes related to the distribution of heroin. (Hr'g Tr., Doc. 437, at 22.) The resentencing took place following Birch's initial sentencing by the Honorable A. Richard Caputo, which was remanded by the Third Circuit pursuant to its decision in *United States v. Nasir,* 982 F.3d 149. (Doc. 390.) For the reasons set forth below, the Court will deny Birch's § 2255 Motion.

### II. BACKGROUND

On September 13, 2016, a federal grand jury returned a Superseding Indictment charging Birch with various drug distribution crimes. (Doc. 41.) In addition to Birch, the 14-

count Superseding Indictment included additional individuals alleged to have conspired with him in his criminal activities. (*Id*.)

On September 13, 2019, Birch appeared before the Honorable A. Richard Caputo and entered a guilty plea for conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846, as charged in Count 1 of the Superseding Indictment. (*See* June 14, 2021, Final Presentence Investigation Report ("PSR") ¶ 7.) On September 25, 2019, Birch was sentenced by Judge Caputo to a term of 140 months imprisonment. (PSR ¶ 8.) Birch appealed, and on motion of the Government the case was remanded by the Third Circuit for resentencing in light of its decision in *Nasir*, 982 F.3d 149. (PSR ¶ 9.) Though Birch had prior felony drug convictions predicate to being considered a career offender under the United States Sentencing Guidelines, the instant offense is an inchoate offense under *Nasir* and is thus not considered a controlled substance offense in accordance with U.S.S.G. § 4B1.1. S.T. at 2.2. Therefore, resentencing was necessary.

The Court considered various "3553(a) factors" and noted Defendant's ten prior adult convictions that involved drug trafficking (Hr'g Tr., Doc. 43, at 18 -19) prior to resentencing Birch to a 72-month term of incarceration to be followed by four years of supervised release (*Id*. at 22:12-20). After the Court imposed Birch's sentence, Birch raised his sentencing history as it relates to a state parole violation. (*Id*. at 24:10–25:14.) Birch asked the Court to credit his 24-month state sentence stemming from a parole violation. (*Id*. at 24:10-25:1.)

Birch's counsel then requested that the Court consider running his federal sentence concurrent to his time served on the state parole violations. (*Id*. at 25:21-26:3.) In response, the Court noted that it is the Bureau of Prisons that determines whether Birch's state sentence will be credited but that the Court would be willing to make a recommendation to the Bureau that Birch receive credit for the state sentence. (*Id*. at 26:21–27:4.) Birch's counsel proceeded to request such a recommendation, to which the Court replied "[v]ery well." (*Id*. at 27:8.) As a result, the Amended Judgement states that "[t]he Court recommends that the defendant receive credit for the time spent in custody (5/15/20 to 12/28/21) serving a state parole revocation sentence." (Doc. 423.)

Birch did not appeal any aspect of his resentencing. On July 12, 2022, Birch filed the instant Motion to Vacate under 28 U.S.C. § 2255 (Doc. 439) as well as his Memorandum in Support (Doc. 440). On August 9, 2022, the Government filed its Brief in Opposition to the Motion. (Doc. 447.) On September 20, 2022, Birch filed his Reply Brief. (Doc. 449.)

In his Motion, Birch argues that his resentencing should be corrected under 28 U.S.C. § 2255 because the "Court incorrectly determined it had no authority to grant Petitioner credit against his federal sentence imposed [on] 1/11/2022 for time spent in state custody on state sentence already served." (Doc. 439.) Birch's petition is ripe for the Court's review.

### III. STANDARD OF REVIEW

### *a. 28 U.S.C. § 2255*

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[A] claim *not* raised on direct appeal cannot ordinarily be reviewed under § 2255." *United States v. Braddy*, 837 F. App'x 112, 115 (3d Cir. 2020) (citing *U.S. v. Travillion*, 759 F.3d 281 at 288 n.11 (3d Cir. 2014); *U.S. v. DeRewal*, 10 F.3d 100 at 105 n.4 (3d Cir. 1993); *Massaro v. United States*, 538 U.S. 500, 504 (2003)). This is because failing to raise an issue on direct appeal will procedural default, or bar, that issue from being raised in habeas. *United States v. Garth*, 188 F.3d 99, 106 (3d Cir. 1999). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998).

A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without

jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essing*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b). Generally, the petitioner bears the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

IV. ANALYSIS

Through his § 2255 Motion, Birch seeks to have the sentence imposed at his resentencing hearing corrected on the basis that the Court incorrectly determined it did not have authority to grant him credit for time served in state custody for a related charge stemming from a parole violation. (Doc. 439 at 4.) For the reasons explained below, this allegation does not warrant a hearing or any relief.

The Government argues that Birch procedurally defaulted his claim under § 2255 when he did not raise his disagreement with the Court's resentence on direct appeal. (Doc. 447 at 8-11.) The Court agrees. Although Birch appealed aspects of the initial sentence imposed on him, he did not appeal any aspect of this Court's resentence. (*See, e.g.*, Notice of Appeal, Doc. 382.) Birch therefore forfeited this opportunity to raise the issue via a § 2255 claim.

Nonetheless, even when a claim is procedurally defaulted, the default may be overcome by a showing of "cause" and "prejudice." *United States v. Frady,* 456 U.S. 152, 167-68 (1982). In *United States v. Essig*, the Third Circuit applied the "cause and prejudice" test of *United States v. Frady,* 456 U.S. 152, 162–64, 167 (1982), to Sentencing Guidelines claims raised for the first time in a prisoner's § 2255 motion. *Essig*, 10 F.3d 968, 977 n. 25, 979 (3d Cir. 1993). The Third Circuit held that by failing to raise the issue on direct appeal, the defendant waived the question of whether the sentencing error constituted plain error. *Id.*; *see also United States v. Doe*, 810 F.3d 132, 153 (3d Cir. 2015). It is the defendant's

burden to show cause and prejudice or actual innocence in order to proceed with his claims. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'").

In order to show "cause," the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Some external factors that have been found to constitute "cause" are "interference by officials," "a showing that the factual or legal basis for a claim was not reasonably available to counsel," and "ineffective assistance of counsel." *Id*. at 494. Ultimately, for a petitioner "[t]o show cause, he must explain what prevented him from timely raising the defaulted claim." *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 759 (3d Cir. 2018). Once a petitioner has shown "cause" to excuse the procedural default, he must still show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Frady,* 456 U.S. at 170. Accordingly, the defendant must prove that, if not for the error, "there is a reasonable probability that [...] the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

Here, Birch has failed to carry his burden. In his Motion, Memorandum in Support, and Reply, Birch has offered no explanation as to why he failed to raise these claims

relating to resentencing on appeal and has not responded to the Government's procedural default defense raised in their Brief in Opposition (Doc. 447 at 8-10). (Docs. 439, 440, & 449.)[1]

Birch is unable to show cause on the basis that his § 2255 claim was unavailable to him or his counsel for direct appeal. When the "legal basis for a claim was not reasonably available to counsel," *Coleman v. Thompson,* 501 U.S. 722, 753 (1991), there is "cause" for a procedural default. Here, Birch was fully aware of this issue at the time of the resentencing hearing, and in fact argued the issue before the Court then. (*See* Hr'g Tr., Doc. 439, at 24-27.) In his § 2255 petition, Birch identifies as the basis of his complaint the United States Sentencing Guidelines, which were available to him at the time of his resentencing. *See Essig*, 10 F.3d at 977 n. 25, 979. Birch is unable to show that the "legal basis for [his] claim was not reasonably available," *Coleman,* 501 U.S. at 753, and thus fails to demonstrate cause to warrant the excusal of his procedural default.

Additionally, Birch is unable to show any actual prejudice that would warrant him relief from his procedural default. Birch fails to show that he is entitled to a concurrent sentence or that his state sentence stemming from his parole violation should be credited against his federal sentence. First, the United States Sentencing Guidelines would not have recommended the credit that he sought for his state parole violations. Section 5G1.3

---

[1] Although ineffective assistance of counsel claims are properly raised for the first time on collateral review, *Massaro*, 538 U.S. at 504, Birch makes no allegations of ineffectiveness on the part of his counsel. (Docs. 439, 440, & 449).

Application Note 4(C) outlines the Sentencing Commission's recommendation that the

federal sentence should not credit state sentences stemming from a violation of parole:

> (C)<u>Undischarged Terms of Imprisonment Resulting from Revocations of Probation, Parole or Supervised Release</u>.—
>
> Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of §7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

U.S.S.G. § 5G1.3 Application Note 4(C).

Birch was on parole at the time that he engaged in the crimes that he pled guilty to in

this Court. (*See* PSR, Doc. 405, at 12.) Birch was sentenced to serve 24 months of back

time in state court because of his parole violation. (*Id*.) Application Note 4(C) of United

States Sentencing Guidelines § 5G1.3 "recommends that the sentence for the instant

offense be imposes consecutively to the sentence imposed for the [parole] revocation."

U.S.S.G. § 5G1.3 Application Note 4(C). Birch is therefore unable to show that the

Sentencing Guidelines would have entitled him any credit for his sentence stemming from

his underlying state parole violation.

Secondly, to the extent that Birch is generally arguing that the Court erred in

resentencing him, the Third Circuit has noted that:

> [b]ased on *Addonizio*, other circuit courts have concluded that a sentencing error is not a fundamental defect requiring § 2255 relief when a prisoner is sentenced below the statutory maximum. *See* [*United States v. Foote*, 784 F.3d

931, 937 (4th Cir. 2015)]; *see also Spencer* [*v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014)] (citing *Addonizio*, 442 U.S. at 186-87, 99 S.Ct. 2235) (noting that a sentence "less than the statutory maximum sentence prescribed by Congress" is lawful, and thus not a fundamental defect); *Hawkins* [*v. United States*, 706 F.3d 820, 822, 824 (7th Cir. 2013)]; *Sun Bear* [*v. United States*, 644 F.3d 700, 705 (8th Cir. 2011)]; *cf. Snider* [*v. United States*, 908 F.3d 183, 191 (6th Cir. 2018)] (citing *Addonizio*, 442 U.S. at 187, 99 S.Ct. 2235) (noting that the defendant's corrected sentence would fall within the same Guidelines range).

*United States v. Folk*, 954 F.3d 597, 605 (3d Cir. 2020).

Here, the statutory maximum sentence for Birch's crime was life imprisonment. The Court resentenced Birch to 72 months of incarceration. (Hr'g Tr., Doc. 437, at 22.) This sentence was well below the guideline range of 84 to 105 months imprisonment, and squarely in the middle of the guideline range of 63 to 78 months following the Court's downward departure. (*See* Statement of Reasons, Doc. 424; Hr'g Tr., Doc. 437, at 11:9-17.) Thus, to the extent Birch argues there was a general error in resentencing on the part of the Court, he is not entitled to a hearing or any relief on this basis.

Even when a petitioner fails to show cause or prejudice, "actual innocence" may serve adequate grounds to excuse procedural default. *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992). "In this context, actual innocence refers to factual innocence, not legal insufficiency." *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018). Here, Birch asserts only that the sentencing court misstated its authority to credit a prior state sentence to his federal sentence. Birch, who was sentenced pursuant to his guilty plea, makes no argument of actual innocence and there is nothing in the record to

10

support such a finding. Therefore, Birch cannot overcome his procedural default on the basis of actual innocence.

Birch has failed to show cause and prejudice or actual innocence and is therefore unable to overcome his procedural default in this instance. Because Birch has procedurally defaulted his § 2255 claim without adequate justification, he is not entitled to a hearing or relief.

### V. CERTIFICATE OF APPEALABILITY

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ["COA"]." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D.Pa. June 8, 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted on Birch's claims because the Court finds that reasonable jurists would not find this Court's resolution of Birch's constitutional claims debatable or wrong.

## VI. CONCLUSION

For the aforementioned reasons, the Court will deny Birch's 28 U.S.C. § 2255(a)

Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc.

439.) A separate Order will follow.

 

 

Robert D. Mariani
United States District Judge